UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTOR LEE HARRISON, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

17-CV-1063
DECISION AND ORDER

---

On October 23, 2017, the plaintiff, Victor Lee Harrison, Jr., brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On August 10, 2018, Harrison moved for judgment on the pleadings, Docket Item 13, and on October 1, 2018, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 17.

For the reasons stated below, this Court grants Harrison's motion in part and denies the Commissioner's cross-motion.

## BACKGROUND

### I. PROCEDURAL HISTORY

On December 31, 2013, Harrison applied for Supplemental Security Income benefits. Tr. 60, 101, 184-87. He claimed that she had been disabled since March 16, 2016, due to a herniated disc in his lower back. Tr. 101.

On April 23, 2014, Harrison received notice that his application was denied because he was not disabled under the Act. Tr. 117-28. He requested a hearing before an administrative law judge ("ALJ"), Tr. 129-32, which was held on May 16, 2016, Tr. 75. The ALJ then issued a decision on May 26, 2016, confirming the finding that Harrison was not disabled. Tr. 70. Harrison appealed the ALJ's decision, but his appeal was denied, and the decision then became final. Tr. 1-4.

## II.   RELEVANT MEDICAL EVIDENCE

The following summarizes the medical evidence most relevant to Harrison's objection. Harrison was examined by several different providers but only one—Sushama Kotmire Thandia, M.D., a family medicine physician—is of most significance to Harrison's claims before this Court.

### Sushama Kotmire Thandia, M.D., Family Medician Physician

Dr. Thandia is Harrison's treating physician. He has seen her regularly throughout his alleged period of disability, from at least March 2013 through October 2015. Tr. 269-74, 275-81, 286-88, 314-19, 323-31, 353-57, 362-66.

On May 19, 2016, Dr. Thandia completed a "medical statement" regarding Harrison's "physical abilities and limitations." Tr. 385. Dr. Thandia diagnosed Harrison with chronic back pain and a herniated lumbar disc, and she opined that Harrison cannot work. *Id.* She said that he cannot stand for more than thirty minutes at a time or sit for more than sixty minutes at a time; she said that he can lift no more than ten pounds occasionally and no more than five pounds frequently. *Id.* She noted that Harrison suffers from moderate pain. *Id.* Dr. Thandia acknowledged that Harrison's

2

back pain was intermittent and that her opinions about his physical limitations addressed only "days he has flare up[s] of his back pain." *Id.*

## III. THE ALJ'S DECISION

In denying Harrison's application, the ALJ evaluated Harrison's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

3

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

In this case, the ALJ determined at step one that Harrison had not engaged in "substantial gainful activity" since December 31, 2013, the application date. Tr. 62. At step two, the ALJ found that Harrison had the following severe impairments: adjustment disorder with anxiety, personality disorder, a learning disorder, borderline intellectual functioning, and a herniated lumbar disc. *Id*. At step three, the ALJ determined that Harrison did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*.

In assessing Harrison's RFC, the ALJ determined that Harrison could perform light work as defined in 20 C.F.R. § 416.967(b),[1] but with the following limitations:

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or

4

> The claimant can never climb ladders, ropes, or scaffolds. He can never crawl. He can occasionally stoop and climb ramps and stairs. The claimant can perform simple, routine, and repetitive tasks requiring no decision making or changes in the work setting. He can tolerate no interaction with the public and only occasional interaction with coworkers and supervisors.

Tr. 64. In formulating Harrison's RFC, the ALJ gave no weight to Dr. Thandia's opinion from May 19, 2016. Tr. 68. The ALJ provided the following explanation for giving Dr. Thandia's opinion no weight: Dr. Thandia

> indicated [her] assessment was for days the claimant has flare ups of his back pain ([Tr. 385]). Therefore, this opinion is given no weight.

*Id.*

At step four, the ALJ determined that Harrison has no past relevant work. Tr. 68. At step five, the ALJ determined that the Commissioner sustained her burden of establishing that Harrison had the RFC to perform "jobs that exist in significant numbers in the national economy." Tr. 69. Specifically, the ALJ determined that Harrison could work as garment bagger, hand bander, or as a small parts assembler. *Id.*

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [Social Security Administration ("SSA")] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent

---

when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).

5

purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d a 986.

## DISCUSSION

Harrison argues that the ALJ erred in her evaluation of his treating physician's opinion. Docket Item 13-1 at 11-13. Specifically, he argues that the ALJ failed to comply with the procedural mandates of the treating physician rule when she assigned no weight to Dr. Thandia's opinion. *Id.* Harrison also argues that the ALJ failed to adequately explain how the evidence supported his RFC finding. *Id.* at 13-15.

"Social Security Administration regulations, as well as [Second Circuit] precedent, mandate specific procedures that an ALJ must follow in determining the appropriate weight to assign a treating physician's opinion." *Estrella v. Berryhill*, __ F.3d __, __, 2019 WL 2273574, at *2 (2d Cir. 2019). "First, the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* "The opinion of a claimant's

6

treating physician as to the nature and severity of an impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Id.* (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

"Second, if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Id.* "In doing so, it must 'explicitly consider' the following, nonexclusive '*Burgess* factors': '(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Id.* (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). "At both steps, the ALJ must 'give good reasons in its notice of determination or decision for the weight it gives the treating source's medical opinion.'" *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

"An ALJ's failure to 'explicitly' apply the *Burgess* factors when assigning weight at step two is a procedural error." *Id.* at *3. "If 'the Commissioner has not otherwise provided 'good reasons' for its weight assignment,' [courts] are unable to conclude that the error was harmless and consequently remand for the ALJ to 'comprehensively set forth its reasons.'" *Id.* (quoting *Halloran*, 362 F.3d at 33).

In this case, the ALJ addressed Dr. Thandia's opinion in the following manner:

> After the hearing, in an opinion dated May 19, 2016, [Dr. Thandia] indicated h[er] assessment was for days the claimant has flare ups of his back pain ([Tr. 385]). Therefore, this opinion is given no weight.

Tr. 68. The ALJ does explain that "the claimant has repeatedly described his symptomology as intermittent," *id.*, and that he had "exacerbations a few times a year," *id.* at 67. But she did not address whether "exacerbations" were "flare ups"; if not, how

7

often such "flare ups" occurred; and regardless, how long the "flare ups" lasted. And there is no indication that she contacted Dr. Thandia to clarify any of that.

Even assuming that substantial evidence supported the ALJ's decision to assign less-than-controlling weight to Dr. Thandia's opinion, the ALJ "failed to 'explicitly consider' [any] *Burgess* factor" in deciding to give "no weight" at all to that opinion. *See Estrella*, 2019 WL 2273574, at *3. Indeed, the ALJ's only explanation for giving Dr. Thandia's opinion "no weight" had nothing to do with the considerations addressed by the factors: the quality and nature of the treating source opinion, the amount of evidence underlying the opinion, and whether other evidence conflicts with the source's opinion. Instead, the ALJ's reason for giving no weight at all to Dr. Thandia's opinion is a self-contained limitation in the opinion—that it applies only when Harrison's back pain flares up. Although that may very well be a consideration in how the ALJ fits Dr. Thandia's opinion into her formulation of Harrison's RFC, it has nothing to do with the quality of Dr. Thandia's opinion itself and therefore the weight assigned to it in light of other evidence.[2]

---

[2] Furthermore, if the ALJ needs to understand the frequency and length of Harrison's flare ups in order to properly analyze how Dr. Thandia's opinion reflects Harrison's ability to work—something that seems self-evident to this Court—"it [is] the ALJ's duty to seek additional information from [the treating physcian] *sua sponte*." *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *see also Moran v. Astrue* 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009)) ("Even when a claimant is represented by counsel, it is the well-established rule in our circuit 'that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'"); *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir 1999) ("an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record").

For the foregoing reasons, it is clear that the "substance of the treating physician rule was . . . traversed," and "a searching review of the record" does not "assure" this court otherwise. *Estrella*, 2019 WL 2273574, at *3 (quoting *Halloran*, 362 F.3d at 32). Accordingly, the case must be remanded to the ALJ for reconsideration of Harrison's claims consistent with the procedural mandates of the SSA and the Second Circuit.[3]

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 17, is DENIED, and Harrison's motion for judgment on the pleadings, Docket Item 13, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: June 1, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[3] Harrison also argues that the ALJ failed to explain how certain evidence supported his RFC findings. Docket Item 13-1 at 13-15. Because Harrison's "case must return to the agency either way for the reasons already given, the Commissioner will have the opportunity on remand to obviate this dispute altogether by" addressing that evidence more clearly on remand. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 94 (2d Cir. 2019).